NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000722
20-JAN-2017
09:00 AM

NO. CAAP-16-0000722

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee, v. JOHN-MICHAEL KAIO, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOY LEINAALAONAPUA KAIO, Defendant-Appellant, and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10; Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1054)


ORDER
(1) GRANTING DECEMBER 12, 2016 MOTION TO DISMISS APPELLATE COURT CASE NUMBER CAAP-16-0000722 FOR LACK OF APPELLATE JURISDICTION, (2) STRIKING DECEMBER 22, 2016 REPLY MEMORANDUM IN SUPPORT OF DECEMBER 12, 2016 MOTION AS UNAUTHORIZED UNDER HAWAIʻI RULES OF APPELLATE PROCEDURE RULE 27
AND
(3) DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee Federal National Mortgage Association's (Appellee Federal National Mortgage Association) December 12, 2016 motion to dismiss appellate court case number CAAP-16-0000722 for lack of appellate jurisdiction, (2) Defendant-Appellant John-Michael Kaio's (Appellant John-Michael Kaio) December 19, 2016 memorandum in opposition to Appellee Federal National Mortgage Association's December 12, 2016 motion to dismiss, (3) Appellee Federal National Mortgage Association's December 22, 2016 reply memorandum in support of its December 12, 2016 motion to dismiss, and (4) the record, it appears that Rule 27 of the Hawaiʻi Rules of Appellate Procedure (HRAP) does not authorize Appellee Federal National Mortgage

Association's December 22, 2016 reply memorandum and, thus, we do not consider the reply memorandum in our adjudication of Appellee Federal National Mortgage Association's December 12, 2016 motion to dismiss. It further appears that we lack appellate jurisdiction over Appellant John-Michael Kaio's appeal from the Honorable Bert I. Ayabe's September 14, 2016 interlocutory order denying Appellant John-Michael Kaio's motion to dismiss the underlying foreclosure case in Civil No. 12-1-1054 (BIA), because the Circuit Court of the First Circuit (circuit court) has not yet entered a separate final judgment.

Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On November 30, 2016, the circuit court clerk filed the record on appeal for appellate court case number CAAP-16-0000722, which does not include a final judgment. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the

September 14, 2016 interlocutory order does not satisfy the requirements for appealability under any of those exceptions. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-16-0000722 and Appellant John-Michael Kaio's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Appellee Federal National Mortgage Association's December 12, 2016 motion to dismiss is granted, and appellate court case number CAAP-16-0000722 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that Appellee Federal National Mortgage Association's December 22, 2016 reply memorandum in support of its December 12, 2016 motion is stricken as unauthorized under HRAP Rule 27.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-16-0000722 are dismissed as moot.

DATED: Honolulu, Hawai'i, January 20, 2017.

Presiding Judge

Associate Judge

Associate Judge

3